DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

NOVEMBER. TERM, 1866.

THE TRADESMEN'S BANK OF THE CITY OF NEW YORK v. DAVID D. FAIRCHILD AND JOSEPH E. ALLEN.

> In a contest between execution creditors, concerning the appropriation of money paid by the sheriff into court, and where an issue is ordered to be tried by jury, whether certain of the judgments were not fraudulent—*held*, that a writ of error would not lie to bring up such order for an issue.

This was a contest between judgment creditors, touching the appropriation of certain moneys raised on execution.

David D. Fairchild, one of the defendants, on the twenty-first December, 1861, obtained a judgment against Isaac L. Hunt; and the other defendant, Joseph E. Allen, on the twenty-fourth December, 1861, likewise took a judgment against the same party. The judgment of the plaintiff in error was recovered on the twenty-second January, 1863, against the same defendant and certain other parties. The

542

Tradesmen's Bank v. Fairchild and Allen.

executions on these several judgments were delivered to the sheriff in the above order as to priority. Certain property of the defendant, Hunt, having been sold by the sheriff under these writs in the Term of June, 1863, a rule was entered in the Supreme Court, on the application of the plaintiff in error, of which the following is a copy: " On reading and filing the affidavit of Eunice Chapman, whereby it appears that she hath become the assignee of the judgment in the above stated action, at the suit of the Tradesmen's Bank of the city of New York, and that the judgment entered in the said other above stated actions (those of Fairchild and Allen,) are fraudulent and void, as against the said judgment of the Tradesmen's Bank of the city of New York. It is ordered, that the sheriff of the county of Middlesex pay into this court the money raised by him under the executions issued in the above stated causes, to abide the further order of this court. And it is further ordered, that the said Joseph E. Allen and David D. Fairchild do, severally, show cause, at the next term of this court, why their respective judgments, in the above stated actions, should not be postponed for payment out of the moneys raised by the sheriff, to the said judgment of the Tradesmen's Bank of the city of New York, and that the said parties have leave to take affidavits under this rule. On motion of D. A. H., attorney of the Tradesmen's Bank of the city of New York."

In the Term of November, 1865, the following rule was taken: " It having been ordered, by the Supreme Court, at the Term of June, 1863, that the sheriff of the county of Middlesex pay into this court the money raised by him under the executions issued in the above stated causes, to abide the further order of this court; and it having been further ordered, that the said Joseph E. Allen and David D. Fairchild should, severally, show cause, at the next term of this court, why their respective judgments, in the above stated actions, should not be postponed for payment out of the moneys raised by the sheriff, to the judgment of the Tradesmen's Bank of the city of New York, and that the said parties

should have leave to take affidavits under this rule; and, whereas, the said parties took affidavits and proofs accordingly, and the matter was heard and argued before this court, at the last June Term of this court, and the court having held the matter for advisement until the present term, It is thereupon now ordered, that issues be made, to be tried by a jury, to determine whether the said judgments of David D. Fairchild and Joseph E. Allen, or either of them, are fraudulent or void, and how much, if anything, is due from the defendant, Isaac L. Hunt, to the said David D. Fairchild and Joseph E. Allen, respectively. On motion of D. A. H., attorney for the Tradesmen's Bank."

The judgments recovered by Fairchild and Allen, were by confession, and in the affidavits of the latter, the consideration of the note, which formed the basis of the judgment, was thus stated, viz., " for money paid by deponent for the use of defendant, and for *money due on notes* made by said Isaac L. Hunt, and goods, wares, and merchandise sold and delivered to said Hunt, at his special instance and request."

The writ of error removed these proceedings from the Supreme Court to this court.

*D. A. Hayes* and *J. P. Bradley*, for plaintiff in error.

*A. Q. Keasbey*, for defendants.

BEASLEY, C. J. It will appear, from the statement of facts prefixed to this opinion, that this writ of error has been sued out to remove an order of the Supreme Court, directing issues to be made, to be tried by a jury, between the plaintiff in error and each of the defendants in error, to decide the controversy whether the judgments obtained by such defendants, respectively, against one Isaac L. Hunt, are fraudulent. The plaintiff in error, being likewise an execution creditor of this same Hunt, the contention in the Supreme Court related to the moneys which had been raised at a sale

by the sheriff of the property of the common debtor; and that court, deeming the right of the case, as presented on the affidavits which had been taken, to be obscure from the great conflict of the evidence, referred the controversy for solution to a jury. It is this rule directing an issue with regard to the *bona fides* of each of the judgments above indicated, which has been removed for revision into this court; and the first question, therefore, to be decided is, whether, from a rule of this character, a writ of error will lie?

Upon the argument of this point before us, no attempt was made to call in question any of the general rules, heretofore established, defining the jurisdiction of this court in its supervision of proceedings at common law. On the part of the defendants in error it was conceded, that a determination of the court below, which should definitively settle the appropriation of the moneys in dispute between these execution creditors, would be the proper subject of review in this court by writ of error; and, on the other side, it was not denied that, in order to authorize a recourse to such writ, the order of the court below must not rest in discretion, and must be final in its nature, and not merely interlocutory, and must conclude, if unreversed, the controversy between the parties. These principles were properly admitted by counsel to be entirely settled in the practice of this court, and, therefore, the inquiry before us is the narrow one, whether the rule, upon which error has been assigned, was in the nature of a final adjudication by the Supreme Court, of the rights of these parties.

That, in general, a rule for an issue, to be tried by a jury, is but an interlocutory proceeding in a cause, is a proposition which, it is plain, no one will deny. It is, in its general character, similar to a rule for a writ of inquiry, or any other order which makes one gradation in the progress of the suit. The order, therefore, for an issue in the Supreme Court, with respect to the judgment of David D. Fairchild, was clearly a proceeding of this interlocutory character, and, consequently, it is not perceived that, until an ultimate determination is

reached, any legal right exists in either party to invoke, in that case, the aid of this court. But, on the discussion before us, an effort was made to discriminate the case of Joseph E. Allen, the other defendant, and to place it on a footing which would take it out of the operation of this rule. The mark of difference thus sought to be impressed was this, that this judgment was invalid, by reason of the insufficiency of the affidavit on which it was founded. There can be no question but that this part of the proceedings is defective; the statute requires the plaintiff, in a confessed judgment, to state, under oath, the true consideration of the bond or other obligation on which his judgment is to be founded; and in the case now in hand, a part of the consideration is alleged to be for "money due on notes," made by the party against whom the judgment was entered. This, as has been repeatedly adjudged, is not a compliance with the requirements of the statute. And, as a consequence, it is now insisted that, as this judgment was absolutely void, as against a judgment creditor in a direct proceeding to obtain a preference, it was error in law for the Supreme Court to refer this case to the arbitrament of a jury. The position taken was, that upon the face of the proceedings, this judgment should have been displaced, so as to make room for the judgment of the plaintiff in error, and that this was a naked question of law, which the court was bound to decide.

Upon the assumption that the defect in the affidavit vitiates, absolutely, the judgment in question, and upon this point no opinion whatever is intended to be expressed, the position thus taken would, probably, have been considered tenable, if it had appeared, in a legal form, to this court, that the Supreme Court passed upon the point. But we look to the record in vain for the least intimation that that court has, in any way, adjudged that the defect in the affidavit either will or will not have the effect which the plaintiff attributes to it. The only action which has been taken is, the reference of the merits of the case to a jury, and, certainly, from such order, no implication can arise that a

decision, in favor of the formality in the mode of entering this judgment, has been rendered. So far as the information of this court extends—for we are bound to take the facts as they stand upon the record before us—we cannot say that this question has been presented for the consideration of the tribunal whose errors it is our province to correct. The facts are these: the plaintiff in error applied in the Supreme Court to have the judgment in question postponed on the ground of fraud, and obtained a rule to take testimony on that point. The question thus raised was one altogether of fact, and when that same question is submitted by the court to a jury, there seems to be no foundation whatever for any inference that such action is based on an assumption that the judgment, to be affected by the inquiry, is, as to form, valid in law. It was said that, if the judgment was void on the record, the reference to a jury was nugatory; but it is evident so also was the rule, in the first instance, to take affidavits, and from that rule could it be pretended that a writ of error would have lain.

The plaintiff in error, instead of standing on the single ground of irregularity in the proceedings, had the right to inquire into the question of fraud, and, in this way, to call for a decision on both the facts and the law. There was nothing in the character of the proceedings compelling him to risk his rights on either of these points; he has raised them both, and, as far as we can see, they are both in the course of being decided. The whole case, as it existed in the court below, was *in fieri;* there was no final decision upon any conclusive point of law or of fact, and, consequently, we think, at this stage of the matter, a writ of error will not lie.

Let the writ be dismissed.

*For dismissal*—ZABRISKIE, C., BEASLEY, C. J., VREDEN-BURGH, BEDLE, DALRIMPLE, WOODHULL, DEPUE, CORNE-LISON, FORT, WALES, CLEMENT. 11

*Contra*—KENNEDY. 1.